**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 04-472-1 |
| v. | : | |
| | : | CIVIL ACTION |
| PERRY SMITH | : | NO. 09-929 |

## AMENDED MEMORANDUM[1]

PRATTER, J.                                                                                                                                 DECEMBER 14, 2009

Perry Smith, convicted by a jury on August 17, 2004 of two counts of conspiracy to commit robbery which interfered with interstate commerce and using and carrying a firearm during a crime of violence, and aiding and abetting, unsuccessfully appealed his judgment and sentence all the way to seeking a writ of certiorari from the United States Supreme Court. Now, he hopes to invoke 28 U.S.C. §2255 to vacate, set aside or correct his sentence by claiming that he was denied effective assistance of counsel at trial. Having had the opportunity to present such evidence and argument to the Court as was available to him, Mr. Smith meets with no greater success by way of this avenue than he did with his direct appeals. Specifically, the Court concludes that Mr. Smith received entirely appropriate assistance from his trial counsel prior to and during the trial. His motion is without merit.

During the evidentiary hearing prompted by Mr. Smith's motion, Mr. Smith called his former counsel, Andrew F. Erba, Esquire, as a witness. The upshot of Mr. Smith's claim in his

---

[1]This Amended Memorandum clarifies the issues first addressed by the Court in response to the § 2255 Petition of Perry Smith in the Court's Memorandum and Order of December 10, 2009. This amendment was prompted by the government counsel's December 11, 2009 letter. The Court's ruling is not changed by this amended memorandum.

written motion was that Mr. Erba (1) gave Mr. Smith erroneous advice concerning whether or not Mr. Smith could or should plead guilty,[2] (2) neglected to secure a defense investigator's services and (3) failed to consult with Mr. Smith or follow Mr. Smith's suggestions for themes of examination of witnesses during the trial.  During the hearing Mr. Smith concentrated on the issue of counsel's advice (or lack thereof) concerning the possibility of a guilty plea (though Mr. Smith declined to acknowledge the impact or circumstances of his trial testimony).  The second issue was reconfigured somewhat.  The third issue was indeed pursued.

As the only witness called by Mr. Smith at the hearing, Mr. Erba testified that during his representation of Mr. Smith he regularly conferred with Mr. Smith to discuss options for trying to respond to the serious charges against Mr. Smith.  At the hearing, Mr. Erba was questioned at length about Mr. Smith's supposed focus on endeavoring to prove that Mr. Smith was not physically present in the same room at Shernoff Salads where and when co-defendant Kevin Cleveland shot Heidi Shernoff.  In response to this questioning, and consistent with the Court's distinct recollection of the actual trial in this matter, Mr. Erba testified that the issue of where Mr. Smith was at the time of the shooting was of no material moment because during the trial there was no suggestion or allegation that Mr. Smith was present in, or even near, the room where Mr. Cleveland shot Ms. Shernoff.  The charges against Mr. Smith were not dependent upon Mr. Smith's mere proximity (or distance) from Mr. Cleveland at that moment.

Moving into other aspects of Mr. Smith's challenge, Mr. Erba also testified that during the pendency of the prosecution Mr. Smith never expressed any interest in pleading guilty to all

---

[2]During the hearing, Mr. Smith's counsel also suggested that Mr. Smith elected to testify at trial (an admittedly material strategic decision in many respects) because, being misadvised about pleading guilty, Mr. Smith proceeded to trial.  11/17/09 Tr. at 49.

2

of the charges against him, although it appears Mr. Smith preferred to think - - erroneously - - that the federal prosecutors would engage in plea bargaining in a manner similar to what Mr. Smith had experienced in state prosecutions, namely, foregoing some charges in exchange for a guilty plea to other charges. Mr. Erba testified that more than once he expressly disabused Mr. Smith of the possibility of pleading guilty to only some of the charges against him. Mr. Erba explained repeatedly to Mr. Smith that federal prosecutors would not plea bargain in that fashion. Mr. Erba also testified that Mr. Smith never said he wanted to plead guilty to all of the charges.

Mr. Smith's third argument, to wit, that Mr. Erba refused to consult with Mr. Smith during the trial or ask questions of witnesses that Mr. Smith thought would "change the outcome" of the case was no more efficacious than his other grounds. Indeed, Mr. Erba could not even venture a guess as to the basis for Mr. Smith's argument in this regard, and no specifics were suggested by Mr. Smith[3] or his counsel.

There is no question that Mr. Smith has a constitutional right to effective assistance of counsel as he deals with criminal charges. See Strickland v. Washington, 466 U.S. 668, 684-686 (1984). There is also no question that Mr. Smith failed to sustain his burden to persuade the Court - - as he would be obliged to do - - that Mr. Erba's "conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. Mr. Smith showed neither that Mr. Erba's performance fell below any objective standard of reasonableness nor that but for some supposed error (of which the Court

---

[3] Mr. Smith himself did not testify at the hearing. The merely conclusory affidavit he submitted with his petition remained the only expressions by him for the Court's consideration regarding this Motion.

has not been made aware) the outcome[4] as to Mr. Smith likely would have been different. Id. at 687.[5]

Accordingly, the Court will deny Mr. Smith's motion and, because the Court also concludes that Mr. Smith has not made a substantial showing of a denial of any constitutional right, no certificate of appealability will be issued.

BY THE COURT

  /s/ Gene E.K. Pratter
Gene E. K. Pratter
*United States District Judge*

---

[4] It is not clear what "outcome" Mr. Smith claims would have been different. By some of his arguments, such as the notion that Mr. Erba should have pursued different themes or lines of questions, Mr. Smith appears to suggest he would not have been found guilty of some or all of the charges. By the same token, however, Mr. Smith also argues he wanted to plead guilty instead of pursue trial, thereby perhaps suggesting his sentence would have been more lenient. This sentencing "outcome" is at least consistent with the title of Mr. Smith's motion concentrating on changing his sentence. However, the record here is utterly devoid of any basis for speculating as to what - - other than refraining from testifying as he did during the trial on a significant issue in a way that was inherently not believable - - would have led to a materially different sentence. These competing arguments do not augment or complement each other. They are essentially at odds with each other.

[5] By so stating Mr. Smith's failure to meet his evidentiary obligations under Strickland the Court is not suggesting that Mr. Erba's performance - - either as observed directly by the Court during the actual trial or as addressed during the hearing on the pending motion - - was anything other than in keeping with professional standards. In addition, the Court finds Mr. Erba's testimony at the hearing on the pending motion to have been temperate, credible and useful on all pertinent points.